METRO MOBILE CTS, INC., George L. Lindemann, John E. Brennan, Asher B. Edelman, Plaintiffs,

v.

CENTEL CORPORATION, Defendant.

Civ. A. No. 88–2218–S.

United States District Court, D. Kansas.

April 27, 1988.

Steve Leben, Roger D. Stanton, John V. Donner, Stinson, Mag & Fizzell, Overland Park, Kan., for plaintiffs.

A. Bradley Bodamer, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Timothy A. Nelsen, Skadden, Arps, Slate, Meagher & Flom, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for a temporary restraining order. Defendant is a Kansas corporation with its principal place of business in Chicago, Illinois, and plaintiffs are four minority shareholders engaged in a proxy fight with defendant's current control group. Plaintiffs seek an order from this court postponing the annual shareholders' meeting of defendant Centel Corporation ("Centel") now scheduled for April 28, 1988, until the rights of the parties have been determined in light of the passage of House Bill 3018 in the 1988 Kansas Legislative session; the bill includes an amendment to the Kansas Corporation Code pertaining to cumulative voting. They also ask a new record date be established by the court. A hearing on this motion was held on April 26 and 27,

1988, in Kansas City, Kansas, and the court is now ready to rule.

The court makes the following findings based on the parties' written submissions and matters presented at the hearing. Cumulative voting has been mandatory for Kansas corporations for over 100 years. Kansas Session Laws of 1876, Chapter 61. Therefore, when the parties initiated their proxy fight several weeks ago, they based their strategies in part on the fact that cumulative voting would be allowed in the election of directors at the annual meeting. Defendant's mailings to stockholders also announced that cumulative voting would be allowed. However, after extensive lobbying by Centel, the Kansas Legislature amended the Kansas Corporation Code earlier this month to abolish mandatory cumulative voting for Kansas corporations organized after the effective date of the Act. For Kansas corporations organized before the effective date of the Act, cumulative voting would still be required unless the stockholders of a corporation voted to abolish the requirement. The effective date of the Act was April 21, 1988, only six business days before Centel's annual meeting.

Centel interpreted the new legislation to have the effect of abolishing cumulative voting at the April 28, 1988 meeting. It based this conclusion on a 1965 amendment to the articles of incorporation, which stated that mandatory cumulative voting would be in effect at Centel only as long as Kansas law required it. After the effective date of the Act, Centel attempted to inform its stockholders that cumulative voting would not be allowed at the April 28, 1988 election of board members. It has not at any time attempted to inform its stockholders that it lobbied for the bill which brought about this change in Kansas law.

Plaintiffs argue that Centel's interpretation of the Kansas law is incorrect, and they seek an order from this court delaying the annual meeting until the rights of the parties have been fully adjudicated. Plaintiffs claim the 1965 amendment to the articles of incorporation is not sufficient to meet the requirements of the new Kansas law. In the alternative, they claim House Bill 3018 violated Article 2, Section 16 of the Kansas Constitution, because it addressed more than one subject; in its final form, House Bill 3018 also addressed the establishment of a swine technology center. Finally, plaintiffs contend that even if cumulative voting has been effectively eliminated, defendant's contradictory statements to the stockholders violate Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a–9, 17 C.F.R. § 240.15(a)(9). They argue that a corrective disclosure is required, and that the annual meeting must be postponed in order to allow sufficient time for this disclosure to reach the stockholders and for them to act on it.

In order to prevail on their motion for a temporary restraining order, the plaintiffs must satisfy the court that 1) a substantial likelihood exists that they will succeed on the merits, 2) plaintiffs will suffer irreparable harm if the requested relief is not granted, 3) this harm will outweigh any harm to the opposing party, and 4) the relief requested would not be adverse to the public interest.

The court has determined that plaintiffs have satisfied these requirements, and a temporary restraining order will be granted. There is a substantial likelihood that plaintiffs will succeed on the merits of their claim; the plain meaning of the statute does seem to indicate that for a corporation in existence on April 21, 1988, some future action is required by the shareholders before cumulative voting may be eliminated. Even if defendant's reading of the statute should ultimately be correct, there are serious constitutional problems with House Bill 3018 as it was passed. On its face,[1] it does seem to violate Article 2,

---

1. The full title of House Bill 3018 is:
   An ACT concerning corporations; relating to cumulative voting; annual franchise tax; corporation code; establishing a swine technology center; making and concerning appropria- tions for the fiscal year ending June 30, 1989; prohibiting processors of pork from contracting for hog production and owning hogs; penalties for violation thereof; allowing production contracts in certain situations; prohibit-

Section 16 of the Kansas Constitution, and it is at best questionable whether the exceptions urged by defendant apply here.[2] Although the court will avoid ruling on the constitutionality of the statute if at all possible, since the matter may be able to be resolved on other grounds, the precarious nature of its validity certainly lends support to plaintiffs' assertion·that they will ultimately prevail on the merits.

Furthermore, the court is persuaded that plaintiffs may suffer irreparable injury, and that this injury will outweigh any injury suffered by the defendant. While defendant is correct in asserting that plaintiffs would have a right to a new election if Thursday's election were later determined to be invalid, plaintiffs are correct in pointing out that this court would not be able to reverse all actions taken by the Board in the meantime which might adversely affect the value of plaintiffs' stock. The court rejects the argument that defendant would suffer irreparable injury by being branded "the bad guy" in this election; its image would be altered only to the extent it is ultimately determined that Centel acted improperly.

However, the court is concerned with the injury that would be caused if the record date were changed, and is not certain that K.S.A. 17-6503(a) restrains *the court* from setting an annual meeting more than sixty (60) days after the record date. For this reason, the court wishes the parties to submit briefing on the issue of whether this court can, under Kansas law, leave in place the original record date, while delaying the date of the annual meeting.

Finally, today's order is not adverse to public policy. It is important that this state's laws be carefully interpreted to conform to the intent of the legislature, and that this court ensure no party seeking

relief from this court be burdened by the effect of a constitutionally invalid law. It is equally important that stockholders in Kansas corporations receive complete, accurate information and that stockholder elections in those corporations be conducted according to law. The court is aware of no public interest which would be substantially hindered if the annual meeting of Centel were delayed until these important interests could be served.

The court notes that it is cognizant of the parallel litigation filed in the Southern District of New York, the ongoing procedural controversy in that case, and the pending appeal to the Second Circuit Court of Appeals. Despite defendant's contention that it was improper to proceed in this district, the court was obligated to go forward and address plaintiffs' request in this late hour. The court in no way intended to intrude upon the jurisdiction of the district court in New York, and recognizes that any future decisions in that court may affect this litigation.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for temporary restraining order is granted. The annual stockholders' meeting of defendant Centel Corporation, presently scheduled for April 28, 1988, is hereby postponed until the court is able to fully address the issues presented in this case.

---

ing swine confinement facility tax exemptions; prohibiting swine confinement facility from being in an enterprise zone; exempting swine confinement facility from revenue producing enterprise; ....

**2.** Although plaintiffs sought to challenge the statute's constitutionality in part by offering affidavits from legislators, the court notes defendant's objection to this kind of evidence and assures defendant that those affidavits played no part in this decision.